IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SHEARD, et al,                              )
    Plaintiffs,                          )
                                            )
v.                                          )    No. 3:01-CV-660
                                            )    (Phillips)
LOCKHEED MARTIN ENERGY SYSTEMS, INC.,       )
et al.,                                     )
    Defendants.                          )

## MEMORANDUM AND ORDER

## RELATING TO FAYE BREWER'S CLAIMS

Plaintiff Faye Brewer has sued her former employer, Lockheed Martin Energy Systems, Inc. alleging race discrimination in violation of Title VII and 42 U.S.C. § 1981. Lockheed Martin has moved for summary judgment asserting that there are no genuine issues as to material facts, and that Lockheed Martin is entitled to judgment as a matter of law on plaintiff's claim. For the reasons which follow, Lockheed Martin's motion for summary judgment will be granted, and plaintiff's claim against Lockheed Martin will be dismissed.

### Factual Background

The facts, taken in a light most favorable to plaintiff, are as follows: Brewer is an African-American female. From approximately June 1981 through the present Brewer has been employed at either the Oak Ridge National Laboratory(ORNL) X-10 Plant or the

Y-12 National Security Complex by several federal contractors, including Lockheed Martin Energy Systems from approximately April 1, 1995 to December 31, 1995; Lockheed Martin Energy Research Systems (LMER) from approximately January 1, 1996 to October 31, 2000; and UT-Batelle from November 1, 2000 until the present. Brewer alleges that while employed by Lockheed Martin, LMER and UT-Batelle, defendants engaged in "continuing systemic racial discrimination in employment, that they perpetuated a racially hostile work environment, that they tolerated and promoted racist attitudes, and that they engaged in racially discriminatory selection and promotion practices."

Brewer was hired at Oak Ridge by Union Carbide Corporation in 1981 as an Engineer I. She became an employee of Lockheed Martin on April 1, 1984, when it replaced Union Carbide as the DOE contractor for operation of the ORNL facilities. Brewer worked as a field engineer for different projects. In 1993, she was assigned as a project leader, Maintenance Program Office, a position she held until January 1995, when she was made maintenance manager for several buildings at the Y-12 Plant. She remained in this position until her employment with Lockheed Martin ended on December 31, 1995. Effective January 1, 1996, Brewer became an employee of LMER, the corporation that replaced Lockheed Martin at ORNL.

It is undisputed that Brewer did not file a charge of discrimination against Lockheed Martin with either the EEOC or the Tennessee Human Rights Commission. However, she did file a charge of discrimination on August 30, 2001 against UT-Batelle.

This charge relates to unsuccessful bids Brewer made in 2001 for positions resulting from a reorganization.

Lockheed Martin has moved for summary judgment asserting that (1) Brewer's Title VII discrimination claim is time barred because she did not file a Title VII charge of discrimination against Lockheed Martin and the time for filing such a charge has now expired; (2) Brewer cannot avail herself of the "single employer doctrine" and thus avoid the consequences of not filing a timely charge with the EEOC; and (3) Brewer's claims under the Civil Rights Act of 1866, 42 U.S.C. § 1981 are time-barred because the present action was not commenced within four years of the time her claims against Lockheed Martin allegedly arose. Therefore, Lockheed Martin asserts that it is entitled to judgment as a matter of law on plaintiff's claim.

Brewer concedes that her claims of discrimination occurring before January 1, 1996, while employed by Lockheed Martin, are untimely and she voluntarily dismisses them from her action. However, she does contest summary judgment to the extent that (1) her claims from January 1, 1996 to November 1, 2000 are properly brought against Lockheed Martin pursuant to the "single employer" doctrine, and (2) assuming the application of this doctrine, her claims constitute a "continuing violation," as recognized by *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101 (2002) and thus are timely.

## Standard of Review

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In ruling on a motion for summary judgment, the court views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank,* 916 F.2d 337, 342 (6th Cir. 1990). A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

## Analysis

Brewer concedes that she did not file a Title VII charge of discrimination against Lockheed Martin within 300 days from the dates that Lockheed Martin allegedly committed discrete acts of discrimination against her in 1995, and she has voluntarily dismissed those claims against Lockheed Martin.

However, Brewer asserts that Lockheed Martin is liable for her claims that arose while she was an employee of LMER after January 1, 1996, pursuant to the "single employer" doctrine. LMER is the corporation that replaced Lockheed Martin at ORNL. Under the "single employer" or "integrated enterprise" doctrine, two companies may be considered so interrelated that they constitute a single employer subject to liability. *Swallows v. Barnes & Noble Book Stores, Inc.,* 128 F.3d 990, 993 (6th Cir. 1997); *Armbrister v. Quinn,* 711 F.2d 1332, 1336-37 (6th Cir. 1983). In determining whether to treat two entities as a single employer, courts examine the following four factors: (1) interrelation of operations, i.e., common office, common record keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control. *Swallows,* 128 F.3d at 994.

None of these factors is conclusive, and all four need not be met in every case. *Id., Armbrister,* 711 F.2d at 1337-38. Nevertheless, control over labor relations is a central concern. *Id.* at 1337; *Murray v. Miner,* 74 F.3d 402, 404 (2nd Cir. 1996); *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1363 (10th Cir. 1993); *Rogers v. Sugar Tree Prod., Inc.,* 7 F.3d 577, 582 (7th Cir. 1993); *Trevino v. Celanese Corp.,* 701 F.2d 397, 404 (5th Cir. 1982).

Examining the four factors in the context of this case, it is clear that Lockheed Martin and LMER cannot be treated as an integrated enterprise. First, Brewer has not demonstrated an interrelation of operations sufficient to establish liability under the single

employer doctrine. She has not shown evidence of shared budgets or integration of daily operations by Lockheed Martin and LMER. *See Hunter v. Ark Restaurants Corp.,* 3 F.Supp.2d 9 (D.D.C. 1998). Additionally, LMER was responsible for the operation of ORNL, while Lockheed Martin managed the Y-12 Plant. Each facility was located on a separate campus, operated by different staffs, and provided distinct products and services. ORNL is a research and development facility, while Y-12 is a manufacturing facility primarily responsible for the production of nuclear related materials. These facts do not support an interrelation of operations sufficient to satisfy the first factor.

Second, there is insufficient evidence of common management. Brewer points out that Robert Van Hook served as President of Lockheed Martin and was named executive Vice President of LMER upon its creation. Additionally, William Martin served as Vice President for Technology Transfer for both corporations, and Albert Narath served on the boards of both Lockheed Martin and LMER concurrently. However, in *Hunter*, the district court found "no showing of common management" between a parent corporation and its subsidiary, despite the fact two individuals served as directors and officers of the two entities and a regional manager oversaw operations for the parent corporation and multiple subsidiaries. *Hunter,* 3 F.Supp.2d at 18-19. The evidentiary shortcoming in *Hunter* was plaintiff's failure to establish the two directors common to both entities effectively controlled the daily operations of either company. *Id..* The absence of such evidence precluded a showing of common management. I find the reasoning of *Hunter* persuasive

and further find that Brewer has not shown sufficient evidence of common management to meet the second test.

Third, it is undisputed that LMER was responsible for its labor relations and personnel after it assumed responsibility for ORNL. Brewer argues that centralized control existed because LMER absorbed and adopted Lockheed's workforce. However, the Sixth Circuit rejected this same argument in *Swallows*, that centralized control existed when "TTU required Barnes & Noble to retain prior employees and dictated terms of their employment, including their salaries, severance pay, and their eligibility for tuition reimbursement." *Swallows,* 128 F.3d at 995. Moreover, Brewer presents no evidence that Lockheed Martin was responsible for the employment decisions in controversy between January 1, 1996 and March 31, 2000. The Sixth Circuit found in *Swallows* that "the critical question is what entity made the final decisions regarding employment matters related to the person claiming discrimination."

Finally, Brewer has not established the fourth factor – common ownership and financial control. The fourth factor has been interpreted in the Sixth Circuit as an inquiry into the legitimacy of the entities. *EEOC v. Wooster Brush Co. Employees Relief Ass'n.,* 727 F.2d 566, 572 (6th Cir. 1984). If neither of the entities is a sham then the fourth test is not met. *Swallows,* 128 F.3d at 995; quoting *Wooster Brush,* 727 F.2d at 572. Brewer has not produced any evidence indicating that either Lockheed Martin or LMER were sham or illegitimate corporations during the relevant period.

Brewer argues that Lockheed Martin and LMER were both wholly owned subsidiaries of Lockheed Martin Corporation. Brewer also argues that Lockheed Martin ran accounting services for LMER, indicating a significant financial interrelationship between Lockheed Martin and LMER. However, I find Brewer's arguments without merit. LMER paid Lockheed Martin for the services provided. By providing services and receiving payments, Lockheed Martin served as a vendor to LMER. Moreover, it is undisputed that LMER, after it assumed management and operational control of ORNL, was responsible for its employees' wages, benefits, and discipline, including termination.

Examining the four factors together, it is clear that Lockheed Martin and LMER cannot be considered a single employer. Therefore, Lockheed Martin cannot be held liable for plaintiff's claims which occurred after she left Lockheed Martin's employment on December 31, 1995.

Likewise, Brewer's claim against Lockheed Martin under 42 U.S.C. § 1981 is also time barred. In *Jones v. R.H. Donnelley & Sons Co.,* 124 S.Ct. 1836 (2004), the Supreme Court held that the four-year statute of limitations in 28 U.S.C. § 1658 applies to claims of race discrimination under § 1981. Brewer's § 1981 claim against Lockheed Martin occurred prior to January 1, 1996, well over four years before December 27, 2001, the date this action was filed. Accordingly, Brewer's § 1981 claim against Lockheed Martin will be dismissed as untimely.

## Conclusion

For the reasons stated above, the court finds that Lockheed Martin is entitled to judgment as a matter of law on plaintiff's claims for discrimination under Title VII and 42 U.S.C. § 1981. Accordingly, Lockheed Martin's motion for summary judgment [Doc. 63] will be granted, and plaintiff's claims against Lockheed Martin will be dismissed.[1]

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge

---

[1] Brewer's original complaint alleged a cause of action against Lockheed Martin only. Following the filing of Lockheed Martin's motion for summary judgment, Brewer amended her complaint to add causes of action against LMER and UT-Battelle for racial discrimination. Brewer's claims against LMER and UT-Batelle are not considered in this order and remain pending.